# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GEORGE FELDMAN,

    Plaintiff,

v.

BUDDY BOY, INC., et al.,

    Defendants.

Case No. 2:10-CV-01195-KJD-PAL

**ORDER**

Currently before the Court is Defendant Buddy Boy, Inc.'s ("Buddy Boy") Motion to Dismiss (#12). Plaintiff filed a Response in Opposition (#18), to which Buddy Boy filed a Reply (#24). Additionally before the Court is Defendant Francis Allen's ("Allen") Motion to Dismiss (#13). Plaintiff filed a Response in opposition (#18), to which Allen filed a Reply (#23). The Court has considered both Motions, together with their Responses and Replies, and issues its ruling on both Motions together herein.

**I. Background**

Plaintiff was employed with Buddy Boy (the operator of a Capriotti's Sandwich Shop franchise) from June, 2008, until his termination in September 2008. After his termination, Plaintiff filed a discrimination complaint with the Equal Employment Opportunity Commission ("EEOC") based on Title VII and the Americans with Disabilities Employment Act ("ADEA") alleging that he

fired because of his religion and age. When Buddy Boy received the notice of Plaintiff's charge, it notified the EEOC that it lacked jurisdiction and asked the EEOC to dismiss Plaintiff's claims, because Buddy Boy did not have a sufficient number of employees to qualify as an "employee" under the ADEA. Upon reviewing the information supplied to it by Buddy Boy, the EEOC dismissed the Plaintiff's charge on the basis that Buddy Boy did not meet Title VII's employee requirement. Plaintiff subsequently filed his Complaint in this action, on July 19, 2010, alleging claims for age discrimination, retaliation, and wrongful termination, and seeking general, economic, and punitive damages. (See #1).

Here, Defendants seek that the Court dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Specifically, Defendant Buddy Boy avers that Plaintiff's claims fail because Buddy Boy "has not had 15 or more employees at one time since it [began] operations on January 28, 2008", and thus is "not covered" under Title VII or the ADEA. (#12 at 1.) Additionally, Defendant Francis Allen (the manager, president, and sole shareholder of Buddy Boy) seeks dismissal, by arguing that Title VII applies only to the employer of the individual claiming discrimination, and not individual supervisors. (#12).[1]

**II. Standard of Law for Motion to Dismiss**

Pursuant to Fed. R. Civ. P. 12(b)(6), a court may dismiss a Plaintiff's complaint for "failure to state a claim upon which relief can be granted." A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." Twombly, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint

---

[1] Plaintiff's Opposition fails to respond to Defendant Allen's Motion to Dismiss.

2

must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (internal citation omitted).

In Iqbal, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the Court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. Id. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. Id. at 1949. Second, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief. Id. at 1950. A claim is facially plausible when the Plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." Id. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, Plaintiff's complaint must be dismissed. Twombly, 550 U.S. at 570.

**III. Discussion**

Title VII applies only to an employer who has 15 or more employees. 42 U.S.C. §2000e(b). Under 42 U.S.C. §2000e(b), an "employer" is defined as a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person. . . . 42 U.S.C. § 2000e(b).

Buddy Boy argues that it has not employed more than 15 employees since it began operations in January, 2008, and thus that it is not considered an "employer" for Title VII purposes. Plaintiff, in opposition, argues that because Buddy Boy is the operator of a Capriotti's sandwich shop franchise, it should be regarded as an "integrated enterprise" under Title VII, which under some circumstances, allows for a group of entities to form a "single employer ." (#18 at 4.) Specifically, Plaintiff avers

that "all employees under the Capriotti's umbrella" should be counted for purposes of jurisdictional establishment.  (#13.)

### A. Integrated Enterprise

In applying the "integrated enterprise" rule, the Ninth Circuit has held that "a plaintiff with an otherwise cognizable Title VII claim against an employer with less than 15 employees may assert that the employer is so interconnected with another employer that the two form an integrated enterprise, and that collectively this enterprise meets the 15–employee minimum standard.  Anderson v. Pacific Maritime Ass'n, 336 F.3d 924 (9th Cir. 2003) citing Kang v. U. Lim. Am., Inc., 296 F.3d 810, 815–16 (9th Cir. 2002).

In determining whether businesses should be treated as a single employer or an "integrated enterprise" for Title VII purposes, the Ninth Circuit applies a four-part test promulgated by the National Labor Relations Board.  See Childs v. Local 18, Int'l Brotherhood of Electrical Workers, 719 F.2d 1379, 1382 (9th Cir. 1983); see also Baker v. Stuart Broadcasting Co., 560 F.2d 389, 392 (8th Cir.1977).  Under this four-part test, two entities are considered as one integrated enterprise if they have (1) interrelated operations, (2) common management, (3) centralized control of labor relations, and (4) common ownership or financial control.  Childs, 719 F.2d at 1382.  "The third factor, centralized control of labor relations, is the 'most critical'" of the factors under consideration. Kang, 296 F.3d at 815.  A review of the four NLRB factors in this action militates against a finding of integration.

In support of his argument for an integrated enterprise finding, Plaintiff cites to the fact that menus at all Capriotti's sandwich shops are identical, that Plaintiff was not hired by Defendant Allen until after Plaintiff had interviewed with Ms. Kelly Gwinn ("a corporate officer with the national Capriotti's Sandwich Shop chain), and that upon being hired Plaintiff received extensive training regarding the operating procedures products, services, business management and the marketing techniques of Capriotti's.  (#18 at 5–6).   Finally, Plaintiff alleges that Capriotti's maintains "financial" control over Buddy Boy through royalty fees on all gross sales. (Id.)

Case 2:10-cv-01195-KJD-PAL   Document 25   Filed 06/01/11   Page 5 of 6

Defendants do not dispute that Buddy Boy is a registered Nevada Domestic Corporation, and franchise of the Capriotti's Sandwich Shop chain of stores. (#18 at 2.) However, nothing in the record indicates Defendant should be regarded as an integrated enterprise under the Capriotti's corporate umbrella. Specifically, Defendant Allen has unequivocally stated that she is not required to have personnel decisions approved by a Capriotti corporate employee or any other franchisee. Moreover, Allen has stated that it was her sole decision to both hire, and fire Plaintiff.

In a case presenting similar facts, the Tenth Circuit declined to find that a McDonald's franchise qualified as an integrated enterprise. Evans v. McDonald, 936 F.2d 1087 (10th Cir. 1991) In Evans, an employee who worked for a McDonalds franchise attempted to sue the franchiser, McDonald's Corporation, under the integrated enterprise doctrine. Evans v. McDonald, 936 F.2d 1087 (10th Cir. 1991). The court found that the McDonald's Corporation "did not exert the type of control that would make it liable as an employer under Title VII" in spite of McDonald's stringent control of the "manner of it's franchisee's operations", training and inspections. Evans v. McDonald, 936 F.2d at 1090. The Court found that McDonald's did not have financial control of the franchise, "outside of the necessary control over conformity to standard operational details inherent in many franchise settings, McDonald's only real control . . . was its power to terminate franchises." Id.

Likewise, here, Plaintiff makes no showing that Capriotti's exercised control over Buddy Boy's labor relations, or that the businesses were interrelated operations that shared a common management, ownership or financial control. Additionally, Plaintiff's argument that Defendants be regarded as an integrated enterprise is brought for the first time in his Opposition. (#18). The Complaint however, makes no reference to the integrated enterprise doctrine, nor does Plaintiff name Capriotti's or any of its other franchisees.

Accordingly, for the reasons stated herein, the Court finds that Plaintiff's claims fail, and Defendant's Motion should be granted.

5

### IV. Conclusion

**IT IS HEREBY ORDERED** that Defendant Buddy Boy, Inc.'s Motion to Dismiss (#12), is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Francis Allen's ("Allen") Motion to Dismiss (#13), is **GRANTED**.

DATED this 31st day of May 2011.

_____
Kent J. Dawson
United States District Judge